UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE WEDGE, et al., | Case No. 26-cv-00397-JSC |
| Plaintiffs, | |
| v. | **ORDER RE: MOTION TO REMAND** |
| | Re: Dkt. No. 20 |
| CRAYOLA LLC, | |
| Defendant. | |

Plaintiffs sued Defendant in California Superior Court, and Defendant removed based on diversity jurisdiction.  (Dkt. No. 1.)[1]  Plaintiffs now move to remand.  (Dkt. No. 20.)  Having carefully considered the parties' submissions, and with the benefit of oral argument on April 30, 2026, the Court GRANTS Plaintiffs' motion to remand for lack of subject matter jurisdiction. Drawing all reasonable inferences from the Amended Complaint's allegations in Defendant's favor, no named plaintiff has Article III standing to pursue injunctive relief—the only relief the Amended Complaint seeks.

**BACKGROUND**

Plaintiffs sued Defendant in California Superior Court for misleadingly claiming its products are "NON-TOXIC" in violation of: (1) California's Unfair Competition Law  ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; (2) California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq.; and (3) California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 et seq.  (Dkt. No. 1 at 91-95.)  Plaintiffs sought injunctive relief, restitution, and attorneys' fees and costs.  (*Id.* at 96.)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

Defendant removed the case based on diversity jurisdiction. (*Id.* at 2.) Defendant then moved to dismiss Plaintiffs' complaint. (Dkt. No. 13.) In response, Plaintiffs filed the now operative First Amended Complaint seeking injunctive relief, attorneys' fees, and costs, but no longer seeking restitution. (Dkt. No. 18.) In particular, Plaintiffs now seek the following:

(A) a declaration and order enjoining Crayola from labeling and advertising the Products falsely and misleadingly in violation of California law;

(B) an order enjoining Crayola from engaging in the unlawful and unfair business practices alleged, in connection with the sale, offer for sale, manufacturing or distribution of Defendant's products in California; and

(C) an order or judgment the Court deems appropriate as may be necessary to prevent the use or employment by Defendant of any practices which constitute unfair competition or false advertising as described in the First Amended Complaint.

(*Id.* at 84-85.) Plaintiffs move to remand on the grounds they do not have Article III standing.[2] (Dkt. No. 20.)

## DISCUSSION

A post-removal amendment to a complaint can divest a federal court of jurisdiction. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) (holding post-removal amendments to a complaint divested a federal court of supplemental jurisdiction and required remand to state court). Article III of the United States Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). To establish Article III standing, "a plaintiff must show (i) that he suffered an

---

[2] Plaintiffs also argue there was no objective basis for removal based on diversity jurisdiction. Plaintiffs insist (1) the entire amount in controversy was based on attorneys' fees; (2) Plaintiffs' state court complaint requested restitution and injunctive relief, both of which are equitable remedies; and (3) the Court lacks equitable jurisdiction because Plaintiffs' state court complaint and Amended Complaint do not allege an inadequate remedy at law. Therefore, Plaintiffs argue "Crayola had no objective basis to remove the action based on diversity jurisdiction as the Court could never award attorneys' fees for claims it could not adjudicate." (Dkt. No. 20 at 15.) Plaintiffs are wrong. A lack of equitable jurisdiction does not deprive a federal court of its subject matter jurisdiction. *See Ruiz v. Bradford Exch., Ltd.*, 153 F.4th 907, 912 (9th Cir. 2025) ("[E]quitable jurisdiction is not a matter of subject matter jurisdiction."). When a plaintiff originally files in state court, the defendant removes to federal court, and the plaintiff moves to remand for lack of equitable jurisdiction, a federal court *may* remand the case to state court, but it may also dismiss. *See id.* at 913 ("We first hold that when a case is removed from state court and the district court concludes it lacks equitable jurisdiction, the court has the authority to remand the case to state court. The court is not required to dismiss the case."). And, a defendant may waive its adequate remedy at law defense, *id.* at 918, which Defendant did here. (Dkt. No. 35 at 21.)

2

injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "A plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC) Inc.*, 528 U.S. 167, 185 (2000).

On a motion to remand for lack of standing, courts apply the same standard as applies to a defendant's Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014) (explaining a motion to remand for lack of subject matter jurisdiction is "the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1)"). "As under Rule 12(b)(1), a plaintiff's motion to remand may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations[.]" *Id.* For a facial attack, the district court accepts the defendant's jurisdictional allegations as true and draws all reasonable inferences in the defendant's favor to "determine[] whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.* at 1121-22. Here, Plaintiffs facially attack their own allegations in the First Amended Complaint, rather than Defendant's jurisdictional allegations in the Notice of Removal. However, even assuming that in this procedural posture the Court still must draw all reasonable inferences in Defendant's favor, Plaintiffs' First Amended Complaint does not plausibly allege Article III standing to pursue injunctive relief.

### A. Injunctive Relief Article III Standing Requirements

Plaintiffs argue they lack Article III standing to seek injunctive relief—the only substantive remedy the First Amended Complaint seeks. "For injunctive relief, which is a prospective remedy, the threat of injury must be 'actual and imminent, not conjectural or hypothetical.'" *Davidson v. Kimberly-Clark Corporation*, 889 F.3d 956, 967 (9th Cir. 2018) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)); *see also id.* ("In other words, the 'threatened injury must be certainly impending to constitute injury in fact' and 'allegations of possible future injury are not sufficient.'") (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)) (emphasis omitted)). "Past wrongs [are] insufficient by themselves to grant

United States District Court
Northern District of California

standing[;]" instead, "a plaintiff must show 'a sufficient likelihood that he will again be wronged in a similar way.'" *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 111 (1983)).

In *Davidson*, the Ninth Circuit considered whether a plaintiff asserting false advertising claims under the UCL, CLRA, and FAL plausibly alleged standing for injunctive relief. *Id.* at 966-67. The Ninth Circuit rejected the argument plaintiffs who are "'already aware of the deceptive nature of an advertisement'" lack standing to seek injunctive relief because they "'are not likely to be misled into buying the relevant product in the future and, therefore, are not capable of being harmed again in the same way.'" *Id.* at 968 (quoting *Pinon v. Tristar Prods., Inc.*, No. 1:16-CV-00331-DAD-SAB, 2016 WL 4548766, at *4 (E.D. Cal. Sept. 1, 2016)). Instead, the Ninth Circuit held:

> [A] previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an "actual and imminent, not conjectural or hypothetical" threat of future harm. Knowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future.[] In some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to. In other cases, the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved.

889 F.3d at 969-70 (citations omitted).

**B. Plaintiffs Do Not Allege Injunctive Relief Article III Standing**

The First Amended Complaint alleges each named Plaintiff was harmed because they "specifically purchased [Defendant's] Products . . . because of the NON-TOXIC claims," and the knowledge "the Products were not NON-TOXIC . . . would have affected [Plaintiffs'] purchasing decisions." (Dkt. No. 18 ¶¶ 9-11.) However, the First Amended Complaint does not allege any facts that support the inference any plaintiff "will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to," or "might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *See*

4

United States District Court
Northern District of California

*Davidson*, 889 F.3d at 970. And "[w]ithout any stated desire to purchase [Defendant's products] in the future, [Plaintiffs] do not have standing to pursue injunctive relief." *See In re Coca-Cola Prods. Mktg. & Sales Pracs. Litig.*, No. 20-15742, 2021 WL 3878654, at *2 (9th Cir. Aug. 31, 2021) (citing *Stover v. Experian Holdings, Inc.*, 978 F.3d 1082, 1088 (9th Cir. 2020)); *see also id.* (holding the "plaintiffs' declarations that they would 'consider' purchasing properly labeled Coke [] insufficient to show an actual or imminent threat of future harm") (citing *Davidson*, 889 F.3d at 969)).

Defendant insists the following allegations create a plausible inference Plaintiffs have standing to seek injunctive relief:

(1) Defendant "continues to make[] false and misleading statements that its Products are NON-TOXIC to induce consumers into purchasing the Products on a false premise,"
(2) Defendant's advertising "is likely to continue deceiving the consuming public," and
(3) "future consumers of the Products will be harmed by [Defendant's] acts and practices in the same way Plaintiffs have been harmed."

(Dkt. No. 18 ¶¶ 346, 350, 358.) The Court is unpersuaded. In a putative class action, at least one named plaintiff must have standing. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 865 (9th Cir. 2014). And Plaintiffs' allegations do not support an inference any named Plaintiff will continue to be deceived notwithstanding knowledge of the alleged misrepresentations. Because the third allegation specifically distinguishes "future consumers" from "Plaintiffs," and alleges the future consumers "will be harmed" and Plaintiffs "have been harmed," it is insufficient to plausibly allege ***Plaintiffs*** will be harmed in the future. (Dkt. No. 18 ¶ 346.) *See also Davidson*, 889 F.3d at 967 (holding "[p]ast wrongs [are] insufficient by themselves to grant standing" for injunctive relief when the plaintiff does not allege "a sufficient likelihood that he will again be wronged in a similar way") (quoting *Lyons*, 461 U.S. at 102, 111). Further, these allegations do not support a plausible inference of an "'actual and imminent, not conjectural or hypothetical' threat of future harm" to any named plaintiff. *Id.* at 969 (citations omitted). That Defendant "continues to make[] false and misleading statements . . . to induce consumers into purchasing the Products" alleges only Defendant's continued attempts to deceive

5

rather than any imminent threat Defendant will succeed in misleadingly inducing Plaintiffs to purchase its products. (Dkt. No. 18 ¶ 350.) And that Defendant's conduct is "likely to continue deceiving the consuming public" plausibly alleges a hypothetical, but not an actual and imminent, threat to any named plaintiff. (*Id.* ¶ 358.) So, drawing inferences in Defendant's favor, there are no allegations which support a plausible inference Plaintiffs have an actual and imminent threat of future harm absent the requested injunctive relief.

At oral argument, Defendant urged *Benton v. CVS Pharm., Inc.*, 604 F. Supp. 3d 889 (N.D. Cal. 2022), shows Plaintiffs have alleged Article III standing. In *Benton*, the court found the plaintiffs lacked injunctive relief standing because they "explicitly state[d] they do not plan to purchase any homeopathic products from CVS in the future, because they believe such products are a 'health fraud.'" *Id* at 893 (citing *Davidson*, 889 F.3d at 971). Defendant argued this case is unlike *Benton* because although Plaintiffs do not explicitly allege they will be misled again in the future, they do not explicitly allege they do not plan to buy Defendant's products. Neither *Benton* nor *Davidson* support Defendant's interpretation of what is required to allege standing. *Davidson*'s mandate is clear: a plaintiff seeking injunctive relief based on false advertising must affirmatively allege an actual and imminent threat of future harm. *See Davidson*, 889 F.3d at 969. Although Plaintiffs have not explicitly alleged they will not be misled in the future, they also have not alleged facts supporting any reasonable inference of an actual and imminent threat of future harm as *Davidson* requires.

Defendant's contention the First Amended Complaint plausibly alleges Article III standing to seek injunctive relief because it alleges Plaintiffs lost money and property is equally unavailing. To satisfy Article III standing's redressability requirement, a plaintiff must demonstrate "the injury likely would be redressed by the ***requested judicial relief***." *Food & Drug Admin. v. All. for Hippocratic Med.*, 603 U.S. 367, 368 (2024) (citing *Summers*, 555 U.S. at 493) (emphasis added). The relevant judicial relief Plaintiffs request is an injunction preventing Defendant from continuing its alleged misrepresentations.[3] Even assuming the Amended Complaint plausibly

---

[3] Beyond injunctive relief, Plaintiffs seek only attorneys' fees, costs, and expenses, which do not provide a basis for Article III standing. *See Uzuegbunam v. Preczewski*, 592 U.S. 279, 292 (2021)

alleges injury in fact through lost money and property, the requested injunctive relief will not redress that injury. So, the Amended Complaint does not plausibly allege Article III standing to seek injunctive relief based on lost money and property.

### C. Informational Injury

Defendant's argument Plaintiffs have Article III standing because the Amended Complaint alleges an ongoing informational injury is also unpersuasive. The Amended Complaint alleges Defendant's "false and misleading unqualified NON-TOXIC claims on [its] Products" is an "unfair" business practice under the UCL. (Dkt. No. 18 ¶ 334.) In addition, Defendant's NON-TOXIC claims are "unqualified" because they "are unaccompanied by any information to evaluate the claim and upon request for its basis to make the environmental marketing claims, as [Defendant] is required by California's EMCA to keep in writing," and "[Defendant] will not provide any information it relied upon as the basis to make the environmental marketing claims." (*Id.*) These allegations are insufficient to plausibly support Article III standing for the requested injunctive relief.

First, the Amended Complaint does not request an injunction ordering Defendant disclose information to any named Plaintiff or even the public at large. While the Amended Complaint generically requests "[p]ursuant to Business and Professions Code section[] 17203 . . . , an order . . . as may be necessary to prevent the use or employment by [Defendant] of any practices which constitute unfair competition . . . as described in this Complaint," (Dkt. No. 18 at 85 ¶ C), Plaintiffs' reply brief unequivocally states Defendant's failure to produce information substantiating its NON-TOXIC claims is "not a basis for any of Plaintiffs' causes of action." (Dkt. No. 37 at 8-9.) Plaintiffs also disavow Defendant's argument "Plaintiffs seek redress for [Defendant] failing to substantiate its non-toxic claims pursuant to the EMCA's disclosure requirements." (*Id.* at 8.) So, Plaintiffs unambiguously state they do not assert any ongoing informational injury or seek any relief which would redress an ongoing informational injury.

("A request for attorney's fees or costs cannot establish standing because those awards are merely a 'byproduct' of a suit that already succeeded, not a form of redressability."); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) ("[A] plaintiff cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit.").

Furthermore, the Amended Complaint does not plausibly allege an ongoing informational injury sufficient to establish standing. As explained above, for injunctive relief, "[p]ast wrongs [are] insufficient by themselves to grant standing" and there must be "'a sufficient likelihood that [the plaintiffs] will again be wronged in a similar way.'" *Davidson*, 889 F.3d at 967 (quoting *Lyons*, 461 U.S. at 102, 111). Here, the Amended Complaint alleges Defendant refused to provide information to Plaintiffs after they submitted a request for documentation substantiating its NON-TOXIC claims. (Dkt. No. 18 ¶¶ 218, 232.) But the Amended Complaint does not include allegations that plausibly support an inference Plaintiffs will submit another request in the future or that Defendant will continue to refuse to respond to such requests. Therefore, the Amended Complaint has not alleged "a sufficient likelihood that [they] will again be wronged in a similar way." *See Davidson*, 889 F.3d at 967 (quoting *Lyons*, 461 U.S. at 111); *see also Greenpeace, Inc. v. Walmart Inc.*, No. 21-CV-00754-MMC, 2022 WL 591451, at *1-2 (N.D. Cal. Feb. 3, 2022) (finding a lack of Article III standing for EMCA claims when the plaintiff requested an injunction but did not allege a sufficient likelihood the defendant would violate EMCA in the future). So, drawing inferences in Defendant's favor, the Amended Complaint does not plausibly allege any ongoing informational injury which supports standing to seek injunctive relief.

So, Plaintiffs do not have Article III standing for any form of relief they seek.

### D.     The Court Lacks Subject Matter Jurisdiction

Because Plaintiffs lack Article III standing, the Court lacks subject matter jurisdiction. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1194, 1196 (9th Cir. 2016) (holding a district court lacks "federal subject-matter jurisdiction" when a plaintiff does not establish Article III standing). And under 28 U.S.C. § 1447(c), following removal from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Polo*, 833 F.3d at 1196 ("Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III." (emphasis in original) (citation omitted)). The Court declines to address Defendant's request to estop Plaintiffs from seeking restitution in state court because Defendant has not demonstrated

the application of judicial estoppel is appropriate. *See New Hampshire v. Maine*, 532 U.S. 742, 743 (2001) (explaining the factors courts consider when determining whether to apply the doctrine of judicial estoppel). In any event, at oral argument, Plaintiffs unambiguously represented they will not seek restitution in state court.

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiffs' motion to remand for lack of subject matter jurisdiction. The Court therefore REMANDS the case to the Superior Court of the State of California in the County of Alameda. The Court further orders that the court file in this case be transferred by the clerk of this Court to the clerk of the State Court, along with a certified copy of this Order of Remand. The State Court may thereupon proceed with this case.

This Order disposes of Docket No. 20.

**IT IS SO ORDERED.**

Dated: May 5, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge